IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

EPIC SYSTEMS CORPORATION
1979 Milky Way,
Verona, WI 53593,

       Plaintiff,

      v.                                    Case No. 12-cv-848

KS Information Technologies LLC,
3545 Saint Johns Bluff Road South # 186,
Jacksonville, FL 32224,

Subhash Kanukunta,
3545 Saint Johns Bluff Road South # 186,
Jacksonville, FL 32224,

K-Soft Information Technologies, Inc.
27301 Dequindre Rd,
Madison Heights, MI 48071,

K-Soft Infotech Corporation
4488 Ecton Lane
Jacksonville, FL 32246,

Ramesh Kumar Gangisetti
4488 Ecton Lane,
Jacksonville, FL 32246,

       Defendants,

## COMPLAINT

Plaintiff, Epic Systems Corporation, by its attorneys, Quarles & Brady LLP, states its complaint against the Defendants as follows:

## THE PARTIES, JURISDICTION AND VENUE

1. Plaintiff Epic Systems Corporation ("Epic") is a Wisconsin corporation with its principal place of business at 1979 Milky Way, Verona, WI 53593.

2. Defendant KS Information Technologies LLC, d/b/a KS-Infotech ("KS-Infotech"), is a Florida limited liability company with its principal place of business at 3545 Saint Johns Bluff Road South, # 186, Jacksonville, Florida 32224. Upon information and belief, none of the members are residents of the State of Wisconsin.

3. Defendant Subhash Kanukunta ("Kanukunta") is a managing member and registered agent of KS-Infotech. On information and belief, Kanukunta is an adult resident of Florida who works at 3545 Saint Johns Bluff Road South, # 186, Jacksonville, Florida 32224. Upon information and belief his personal residence is in or near Jacksonville, Florida.

4. Defendant K-Soft Information Technologies, Inc. is a Michigan corporation with a principal place of business at 27301 Dequindre Rd., Madison Heights, MI 48701.

5. Defendant K-Soft Infotech Corporation is a Florida corporation with a principal place of business at 4488 Ecton Lane, Jacksonville, FL 32246.

6. Defendant Ramesh Kumar Gangisetti is an adult resident of Florida and his address is 4488 Ecton Lane, Jacksonville, FL 32246. Gangisetti is the registered agent for Defendant K-Soft Information Technologies, Inc. and Defendant K-Soft Infotech Corporation. Upon information and belief, Defendant Gangisetti is also known as Ram Kamur. Ram Kamur holds himself out as a "Healthcare IT Consultant" with KS-Infotech at the Saint Johns Bluff Road South address.

7. This Court has jurisdiction over this matter as it involves claims arising under 18 U.S.C. § 1030, 15 U.S.C. § 1114, 17 U.S.C. § 501 and 28 U.S.C. § 1331. Jurisdiction is also

-2-

QB\18750045.2

based upon 28 U.S.C. § 1332 because the matter in controversy exceeds the sum of $75,000 and is between citizens of different states. Defendants have engaged in substantial and not isolated activities within Wisconsin, Defendants have caused injury to Epic and its property within Wisconsin arising out of acts within Wisconsin, and Defendants have caused injury to Epic and its property within Wisconsin arising out of acts outside of this state when Defendants were carrying on solicitation or services activities in Wisconsin. Defendant Gangisetti explicitly consented to jurisdiction in Wisconsin state and federal courts.

8. Venue for this matter is proper in this Court under 28 U.S.C. § 1391(a). Defendant Gangisetti explicitly consented to venue in Wisconsin state and federal courts.

## FACTS

### Epic's UserWeb, iSWTD, and Proprietary Information

9. Epic is a leading provider of software for medical groups, hospitals and integrated healthcare organizations.

10. Epic has expended a great deal of time, effort, and money to develop its software and training materials. Epic's software and training materials are confidential and contain Epic's trade secrets. Epic protects its confidential and trade secret materials by undertaking efforts to maintain the secrecy of the information that are reasonable under the circumstances. Such efforts are more fully described below.

11. As part of its training, support and installation processes for its software, Epic provides limited and controlled access to information and training materials concerning its software to select individuals and consultants. For example, Epic provides such access on a secure, password protected basis through its UserWeb.

12. Epic only provides such access to parties who sign agreements with Epic to maintain the confidentiality of Epic's materials and to not use them for purposes other than installing, training and implementing that software at the specific customer with whom they are affiliated.

13. Epic's Standard Consultant Web Access Agreement ("Web Access Agreement"), which third parties must sign to obtain access to Epic's UserWeb, provides that the signor shall not allow any third party to use the password issued to that individual or to otherwise allow any third party to access or use the UserWeb.

14. The Web Access Agreement also acknowledges that there is Epic confidential and proprietary information that may be accessed through the UserWeb, and the signor agrees to maintain that information in confidence.

15. Under the Web Access Agreement, the signor is also prohibited from copying, duplicating, by any means, any of Epic's program property, documentation or other information from the User Web and disseminating it to third parties.

16. Signor's of the Web Access Agreement agree that their breach of the agreement may cause Epic irreparable harm. The Web Access Agreement is governed by Wisconsin law and signor's consent to personal jurisdiction in Wisconsin.

17. Use of the UserWeb is also subject to Epic's Terms of Use posted prominently on the UserWeb website. Pursuant to the Terms of Use, users of the UserWeb agree not to share their password or service account with others. Users also agree that the information available through the UserWeb includes confidential and trade secret information of Epic and agree that they will not disclose or use such confidential and trade secret information other than as

authorized. Users further agree that Epic owns the content and all software contained in or underlying the UserWeb and that such is protected by laws protecting intellectual property.

18. Login information must be entered each time the UserWeb is accessed.

19. The Terms of Use provide that they are to be governed by Wisconsin law and by clicking through and agreeing to the Terms of Use, users of the UserWeb consent to personal jurisdiction in Wisconsin.

20. Epic also provides access to a training version of its proprietary software through its secure, password protected iSWTD ("internet system with training data"). The iSWTD is also available to consultants only if they have signed the Web Access Agreement and only if they agree not to use it for purposes other than those expressly authorized. Epic's software and training materials contain confidential and trade secret information and Epic does not make the information available to the general public.

21. Login information must be entered each time the iSWTD is accessed.

22. Epic's UserWeb and iSWTD are located on Epic's servers in Verona, Wisconsin. Accordingly, users who login are interacting with Epic's servers in Wisconsin.

**Defendants' Unauthorized Access To And Use Of Epic's Information**

23. 

Defendants are not authorized to do so.

24. Defendants have employed improper means to access Epic's confidential and trade secret information.

25.

Epic's Ambulatory Fundamentals training entitled "Lesson 1 Welcome to Fundamentals" Epic has filed for a registration with the United States Copyright Office for this document.

26.

27.

**Count 1, Tortious Interference With Contract.**

28.     Epic incorporates Paragraphs 1-27, above.

29.     Epic has agreements with parties that it allows access to its UserWeb and iSWTD, and such agreements forbid unauthorized access to and use of Epic's information.

30. Defendants know that Epic has such agreements, and that such agreements forbid the types of access and use that Defendants have made of Epic's materials and information.

31.

32.

33.

34. Defendants knew that their access, use and copying of Epic's information is unauthorized. Defendants intentionally interfered with and induced that breach of the agreement(s) between Epic and the party's or parties' whose login information was used.

35. Defendants' interference was neither privileged nor justified.

36. Epic has been and will be damaged as a result. Epic's damage is likely to be irreparable. Indeed, third parties who are not authorized to access Epic materials have had access to Epic's confidential and proprietary information.

37. Defendants interference is intentional, reckless and wanton and justifies the assessment of punitive damages against Defendants to punish Defendants for their intentional, reckless and wanton behavior.

**Count 2, Breach of Contract**

38. Epic incorporates Paragraphs 1-37, above.

39. Gangisetti has personally entered into a Web Access Agreement with Epic.

40. By accessing and using Epic's information as described above, Gangisetti has breached his agreement with Epic.

41.

42.

43. Epic has been and will be damaged as a result. Epic's damage is likely to be irreparable.

**Count 3, Copyright Infringement.**

44. Epic incorporates Paragraphs 1-43, above.

45. Defendants have made unauthorized copies of a document used in Epic's Ambulatory Fundamentals training entitled "Lesson 1 Welcome to Fundamentals," and have thereby infringed on Epic's exclusive rights pursuant to 17 U.S.C. § 106.

46. Epic filed for a copyright registration on this work. Accordingly, Epic has standing to bring this infringement claim pursuant to 17 U.S.C. §§ 411 & 501.

47.     Defendants' copyright infringement has resulted in harm to Epic. Epic requests that this Court enjoin Defendants' copyright infringement pursuant to 17 U.S.C. § 502 and require impounding and destruction of all copies maintained by Defendants of Epic's copyrighted work pursuant to 17 U.S.C. § 503. Epic further requests its costs and attorneys fees for this claim, and any other relief this Court deems appropriate.

**Count 4, Trade Secret Misappropriation.**

48.     Epic incorporates Paragraphs 1-47, above.

49.     Defendants have gained unauthorized access to, and have taken and made unauthorized use of, Epic's trade secret information, in violation of Wis. Stat. § 134.90.

50.     Such misappropriation of Epic's trade secrets has caused and/or is likely to cause actual damages and irreparable harm to Epic. Epic seeks such actual damages as well as injunctive relief pursuant to Wis. Stat. § 134.90(3). Further, Defendants have been unjustly enriched by their improper theft and use of Epic's trade secret information. Such unjust enrichment should be disgorged pursuant to Wis. Stat. § 134.90(4).

**Count 5, Common Law Unjust Enrichment.**

51.     Epic incorporates Paragraphs 1-50, above.

52.

**Count 6, Violation of Computer Fraud And Abuse Act**

53.     Epic incorporates Paragraphs 1-52, above.

54. As described above, Defendants have knowingly and with intent to defraud accessed Epic's UserWeb and iSWTD, which are stored on Epic's servers at Epic's headquarters in Verona, Wisconsin, without authorization.

55. Defendants' unauthorized access is in violation of 18 U.S.C. §1030(a)(4).

56. Defendants' unauthorized access has caused Epic in excess of $5,000 in damages.

## Count 7, Conversion

57. Epic incorporates Paragraphs 1-56, above.

58. By obtaining and copying Epic's information as described above, Defendants have intentionally and wrongfully taken and controlled Epic's property for their own use without Epic's consent.

59. Defendants' conversion of Epic's property has seriously interfered with Epic's possessory rights to that property.

60. Epic has been and will be damaged as a result. Epic's damage is likely to be irreparable. Indeed, third parties who are not authorized to access Epic materials have had access to Epic's property.

61. Defendants' conversion of Epic's property is intentional, reckless and wanton and justifies the assessment of punitive damages against Defendants to punish Defendants for their intentional, reckless and wanton behavior.

## Count 8, Trademark Infringement

62. Epic incorporates Paragraphs 1-61, above.

63. Epic owns a family of registered and valid trademarks associated with its software, training and manuals. The family includes the trademark "**EPIC**," for "computer programs and accompanying users' manuals sold as a unit for the health care and public health

-10-

QB\18750045.2

fields" (U.S. Registration Number 1791371) and for "design and development of computer software for use in the healthcare field; implementation and maintenance of computer software for use in the healthcare filed; technical support, namely, troubleshooting of computer software programs relative to software used by healthcare organizations; consulting services on the subject of design, implementation, operation, maintenance and troubleshooting of computer software used by healthcare organizations" (U.S. Registration Number 4206061).

64. Epic's also has registrations for its healthcare software modules, such as the trademarks "**CADENCE**" for "computer programs and accompanying manuals sold as a unit for a scheduling system for health care and public health institutions and programs" (U.S. Registration Number 1574456); "**WILLOW**" for "computer software for use in medical and healthcare fields, namely, computer software for managing, acquiring, storing, analyzing, maintaining, processing, structuring, reviewing, building, editing, distributing, communicating, organizing, sharing, referencing, monitoring and integrating information and accompanying manuals sold as a unit; computer software for automating clinical and administrative healthcare processes (U.S. Registration Number 3723681); "**PRELUDE**" for "computer software and user manuals sold as a unit for use in storing personal, medical and insurance information of individuals" (U.S. Registration Number 2306540); and "**CLARITY**" for "computer software and user manuals sold therewith for management, analysis and reporting of managed care health care delivery systems (U.S. Registration Number 2196194).

65. Epic's customers recognize Epic's registered trademarks as being associated with Epic.

66. In conjunction with the classes offered by Defendants, Defendants have used Epic's registered trademarks, including but not limited to the trademarks identified above. Such

-11-

use was not authorized by Epic. Defendants' use of Epic's trademarks infringes upon those marks pursuant to 15 U.S.C. § 1114.

67. Defendants infringement is willful, making this an exceptional case within the meaning of 15 U.S.C. § 1117.

68.

69.

Epic has no adequate remedy at law and is being irreparably harmed as a result of Defendants' infringement.

## Count 9, Conspiracy

70. Epic incorporates Paragraphs 1-69, above.

71. Defendants have agreed and conspired amongst themselves to take, and have taken, steps together in furtherance of wrongful and illegal acts, as described above.

72. Defendants acts are additionally wrongful as they in violation of laws against unauthorized access to computer systems, including but not limited to Wis. Stat. § 943.70.

73. Epic has been and will be damaged as a result.

## Prayer for Relief.

1. Epic seeks preliminary and permanent injunctive relief to enjoin any unauthorized access, misuse or misappropriation of Epic's information going forward, and to require its immediate removal from Defendants' possession and to require Defendants to remove and forfeit all websites and domains containing Epic's information.

QB\18750045.2

2. Epic seeks preliminary and permanent injunctive relief to enjoin Defendants' infringement of Epic's trademarks and prohibit use of the trademarks in any fashion by the Defendants.

3. Epic seeks preliminary and permanent relief to enjoin and remedy Defendants' copyright infringement, pursuant to 17 U.S.C. §§ 502, 503 & 505.

4. Epic seeks an award of its actual damages, punitive damages, actual attorneys' fees, expenses and costs for pursuing this action.

5. Epic seeks a disgorgement of Defendants' unjust enrichment.

6. Epic seeks such other relief as this Court deems appropriate.

Dated this 26th day of November, 2012.

        QUARLES & BRADY LLP

        /s/ Josephine K. Benkers
        Anthony A. Tomaselli
        State Bar No. 1003673
        Anthony.tomaselli@quarles.com
        Josephine K. Benkers
        State Bar No. 1030608
        josephine.benkers@quarles.com

        QUARLES & BRADY LLP
        33 East Main Street
        Suite 900
        Madison, WI
        (608) 251-5000
        Fax: (608) 251-9166

        *Attorneys for Epic Systems Corporation*